# Case No. 11-5425

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

v.

**ILMAR SANTIZO-SANCHEZ,**

**Defendant-Appellant.**

Appeal from the United States District Court
for the Eastern District of Tennessee

**BRIEF OF THE PLAINTIFF-APPELLEE**

William C. Killian
United States Attorney

Christopher D. Poole
Assistant United States Attorney
1110 Market Street, Suite 301
Chattanooga, Tennessee 37402

Attorneys for Plaintiff-Appellee

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

DESIGNATION OF RELEVANT DISTRICT COURT FILINGS . . . . . . . . . . 15

## TABLE OF AUTHORITIES

<u>CASES</u>

*Gall v. United States*, 552 U.S. 38, 51 (2007) . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11

*Rita v. United States*, 551 U.S. 338, 341 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . 9

*United States v. Booker*, 543 U.S. 220, 261 (2005) . . . . . . . . . . . . . . . . . . . . . 8, 10

*United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . 8

*United States v. Dexta*, 470 F.3d 612, 616 (6th Cir. 2007) . . . . . . . . . . . . . . . . 12

*United States v. Gale*, 468 F.3d 929, 939-41 (6th Cir. 2006) . . . . . . . . . . . . . . . . 9

*United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005) . . . . . . . . . . . . . . . 10

*United States v. Madden*, 515 F.3d 601, 609 (6th Cir. 2008) . . . . . . . . . . . . . 9, 11

*United States v. Robinson*, 503 F.3d 522, 528 (6th Cir. 2007) . . . . . . . . . . . . . . 11

*United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) . . . . . . . . . . . . . . . 10

*United States v. Trejo-Martinez*, 481 F.3d 409, 413-14 (6th Cir. 2007) . . . . . . . 12

*United States v. Ward*, 506 F.3d 468, 478 (6th Cir. 2007) . . . . . . . . . . . . . . . . . 12

*United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005) . . . . . . . . . . . . . . . . . 11

*United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) . . . . . . . . . . . . . . . 11

STATUTES, RULES, AND SENTENCING GUIDELINES

8 U.S.C. § 1326(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1201(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 2241(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 10, 11, 13

18 U.S.C. § 3553 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

U.S.S.G. § 1A4.1(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATEMENT REGARDING ORAL ARGUMENT

The United States agrees with defendant that oral argument is unnecessary because the sentencing issue in this appeal is fully presented in the briefs and the record, such that argument is unlikely to aid the Court's decisional process.

## STATEMENT OF THE ISSUE

Whether defendant's 235-month, within-Guidelines sentence for kidnapping was procedurally and substantively reasonable.

## STATEMENT OF THE CASE

On August 24, 2010, a grand jury in the Eastern District of Tennessee charged defendant with kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (Count One), and illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326(a) (Count Two.). (R. 1, Indictment.) On December 1, 2010, defendant pleaded guilty to Count One, without the benefit of a plea agreement;[1] Count Two was later dismissed. (R. 16, Courtroom Minutes; R. 22, Courtroom Minutes.) Defendant was subsequently sentenced to 235 months' imprisonment, and this appeal timely followed. (R. 23, Judgment; R. 25, Notice of Appeal.)

---

[1] With defendant's express consent, the magistrate judge conducted the plea colloquy. (R. 17, Consent; R. 18, Report and Recommendation.) The district court later adopted the Report and Recommendation and adjudicated defendant guilty. (R. 19, Order.)

1

## STATEMENT OF THE FACTS

1.   Facts regarding defendant's offense conduct

On June 21, 2010, defendant "jumped out" from the back seat of a car, "grabbed" his estranged girlfriend at her place of employment in the Eastern District of Tennessee, and forced her into the car. (Presentence Report ("PSR") at ¶ 5, confidential document.) The victim attempted to hold onto a co-worker, but defendant overpowered her and pulled her away. (*Id.*) Defendant then took the victim to another location, forced her into his truck, falsely promised to take her home, but instead drove her to Mississippi against her will. (*Id.*) Along the way, defendant insisted that "they were going to live" together in Mississippi, and he affirmatively misled the victim's relatives about their location. (*Id.*)

Defendant was subsequently arrested in Mississippi, with the victim still in his custody. (*Id.*) After being advised of his *Miranda* rights, defendant admitted that he took the victim by force, yet claimed he had done so because of love. (*Id.*)

Federal immigration agents determined that defendant was an illegal alien who had previously been deported in 1996 and 2002. (*Id.* at ¶ 7.)

When the victim was interviewed, she stated that, on the way to Mississippi, they stayed overnight in a motel, and she allowed defendant to have sex with her because she was afraid he would hurt her if she refused or resisted. (*Id.* at ¶ 6.)

The victim explained that, eight days prior to the kidnapping, on June 13, 2010, she had refused to have sex with defendant, and he reacted by beating her with a belt, causing visible injuries. (*Id*. at ¶¶ 6, 10, 13.) The victim's family reported the assault to the police, after which defendant telephoned threats to the victim at her sister's house. (*Id*. at ¶ 10.) The victim stated that she hid from defendant for approximately one week; she was kidnapped by him on the same day she returned to her job. (*Id*.) The victim also recalled that, after defendant forcibly took her from work, he told her that he would "get back" at the co-worker who interfered with his plans, and that he could get "some black guys" to shoot at the victim's sister's house. (*Id*. at ¶¶ 6, 10.) Further, after defendant was arrested for the kidnapping, he threatened the victim that he would go to her parents' home in Mexico upon his release. (*Id*.)

2.      Facts regarding defendant's sentence

In calculating the applicable Guidelines range, using the 2010 version of the Sentencing Guidelines, the probation officer stated that the base offense level for kidnapping is 32. (*Id*. at ¶¶ 17, 18.) The probation officer then applied a six-level enhancement, pursuant to U.S.S.G. § 1A4.1(b)(5), for sexually exploiting the victim by causing her to engage in sexual activity with him after threatening her and her family with serious bodily injury, *i.e.*, for committing aggravated sexual

abuse within the meaning of 18 U.S.C. § 2241(a)(2).  (*Id*. at ¶¶ 19, 20.)  Following a three-level reduction for acceptance of responsibility, defendant's total offense level was 35.  (*Id*. at ¶¶ 26, 29.)  Defendant had two criminal history points, for a criminal history category of II and a corresponding Guidelines range of 188 to 235 months' imprisonment.  (*Id*. at ¶¶ 40, 59.)

    Defendant objected to the six-level enhancement for aggravated sexual abuse, claiming that the victim consented to sexual activity and that her consent was not the product of duress.  (*See* PSR Addendum, confidential document.)  Defendant also filed a motion for a below-Guidelines sentence.  (R. 21, Motion.)  In it, defendant emphasized that he grew up in Guatemala, a "male-dominated society" in which women were treated as "objects," and that his offense conduct was thus "supported by his culture."  (*Id*.)  He also stated that, at the time of his offense conduct, he believed that "he was proving his love" for the victim by "taking [her] so they could be together," regardless of her wishes.  (*Id*. at 3.)  He also reiterated his view that the victim "willingly consented" to having sex with him and that the enhancement for sexual exploitation was unwarranted.  (*Id*.)

    At the beginning of the sentencing hearing on March 31, 2011, defendant, through counsel, acknowledged that the six-level enhancement was technically and legally appropriate and thus withdrew his objection to it.  (R. 27, Sentencing Hr'g

Tr. 4-5.) The district court thus found, and the parties agreed, that the PSR accurately stated the relevant facts and the applicable Guidelines range of 188 to 235 months' imprisonment. (*Id* at 5-6.) Defendant reiterated his arguments for a below-Guidelines sentence, arguing that he "never intended to harm the victim" and "was madly in love with [her." (*Id*. at 7.) Defendant also claimed that his offense conduct would not have constituted kidnapping under Guatemalan law. (*Id*.) Citing his cultural background, defendant asked the district court to impose a below-Guidelines sentence. (*Id*.)

The United States opposed defendant's request for a below-Guidelines sentence and argued that, notwithstanding any differences in cultural norms, defendant had committed a violent offense and should be sentenced accordingly. (*Id*. at 8.) The United States suggested that a within-Guidelines sentence would "reflect the seriousness of this offense . . . and provide adequate deterrence." (*Id*.)

In response to defendant's assertion that a below-Guidelines sentence was appropriate because his offense conduct was consistent "with the culture in which he developed," the district court emphasized that the United States is comprised of "people from all over the world" with varied cultures and histories, but that they all "have to live by the laws and rules . . . of the United States." (*Id*. at 9.) "In this nation, since its inception," the court continued, "it has not been acceptable to pick

up a woman, take her to another location and, through force and intimidation, have sex with the woman." (*Id.*) The district court then referenced defendant's serious threats against the victim, her family (including her parents in Mexico), and her co-worker. (*Id.* at 9-10.) The district court ultimately denied defendant's motion for a below-Guidelines sentence as follows:

> Even if you accept the defendant's position [that] he was madly in love with this woman and he thought this may be a method of persuading her to acquiesce in his desires and live with him, making threats against the parents, making threats against others, threatening to have someone come to shoot up her sister's house is not the way you demonstrate love for someone else. The Court therefore will deny the defendant's request for a nonguidelines sentence.

(*Id.* at 10.) When invited to speak in allocution, defendant apologized to the court and to counsel, repeatedly claimed he had been unaware that his offense conduct constituted a crime, and denied making any threats to the victim or her family. (*Id.* at 10-12.)

> The court deemed the offense conduct "particularly egregious," stating,
>
> To have someone picked up on a city street, forced into an automobile against their will, taken into other states, and, in the face of intimidation, forced to have sex, and then having threats made against relatives of the person is a set of circumstances that we cannot tolerate in the United States. And the court will venture to say that such cannot be tolerated in any civilized society. Someone who commits such an act deserves the full force and weight of the law in the sentence . . . .

6

(*Id*. at 14.)  The district court found that defendant's version of events during the sentencing hearing conflicted with the facts in the factual basis, to which he had previously sworn his agreement during the plea colloquy, and concluded that defendant's statement in allocution was not credible and suggested that defendant had not accepted responsibility for his actions.  (*Id*. at 12-14, 16.)  Instead of taking away the three-level reduction for acceptance of responsibility, however, the court elected to sentence defendant at the high end of the Guidelines range.  (*Id*. at 16.)  The district court also noted that defendant had not shown any remorse for his actions, nor "sympathy and sorrow to the victim."  (*Id*. at 16-17.)  After considering the § 3553(a) factors, the district court sentenced defendant to 235 months' imprisonment, at the top of the applicable Guidelines range.[2]  (*Id*. at 15.)

When asked if he had any objections to the sentence, defendant claimed "a *Bostic* objection on procedural and substantive grounds based on the fact that this sentence is unreasonable."  (*Id*. at 17.)  The district court replied that "its prior statements regarding the defendant's actions, his lack of remorse, [and] his threats [were] adequate to explain" the sentence imposed.  (*Id*. at 18.)

---

[2] According to the district court, "an objective person looking at this [case] might [think] that the defendant received a break by the court staying within the Guidelines range," and that it was "debatable" whether a within-Guidelines sentence was sufficient.  (R. 27, Sent. Hr'g Tr. 17.)

7

## SUMMARY OF THE ARGUMENT

The district court considered the requisite sentencing factors and their applicability to this case before imposing a term of imprisonment within and at the top of the applicable Guidelines range. That the court had authority to impose a lesser sentence does not prove that the court was required to do so. The sentence was procedurally and substantively reasonable and should be affirmed.

## STANDARD OF REVIEW

This Court reviews a defendant's sentence for procedural and substantive reasonableness. *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Booker*, 543 U.S. 220, 261 (2005). "The question of whether a sentence is reasonable is determined using the abuse-of-discretion standard of review." *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007).

## ARGUMENT

In assessing whether a given sentence is reasonable, this Court must "first ensure that the district court committed no significant procedural error," *e.g.*, by failing to properly calculate the guidelines range, treating the range as mandatory, failing to consider the § 3553(a) sentencing factors, selecting the sentence based upon clearly erroneous facts, or by failing to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007); *accord United States v.*

8

*Madden*, 515 F.3d 601, 609 (6th Cir. 2008).  The advisory guidelines range is to be the "starting point and the initial benchmark" of the district court's analysis, because the guidelines promote nationwide consistency.  *Gall*, 552 U.S. at 49; *accord United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007).  The district court must give the parties an "opportunity to argue for whatever sentence they deem appropriate," consider the § 3553(a) factors in making an "individualized assessment based on the facts presented," and "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  *Bolds*, 511 F.3d at 579-80.  So long as it explains why it imposed a particular sentence, the court need not explicitly reject alternate sentencing options.  *United States v. Gale*, 468 F.3d 929, 939-41 (6th Cir. 2006).

 Here, the record shows that the district court reviewed all the information provided by defendant, the government, and the probation office before it imposed sentence.  *See Gale*, 468 F.3d at 941 (sentencing court presumed to have reviewed and considered all materials presented to it).  The district court then stated that it had considered the § 3553 factors.  (R. 27, Sentencing Hr'g Tr. 12-14.)  "Although the district court may not have mentioned all of the statutory factors . . . explicitly, and although explicit mention of those factors may facilitate review, this court has never required the 'ritual incantation' of the factors to affirm a sentence."  *United*

*States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005); *accord United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) ("nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered the § 3553(a) factors").

The court correctly calculated the advisory Guideline range, referenced the § 3553 factors, reviewed the parties' arguments regarding an appropriate sentence, and ultimately selected a sentence within the Guidelines range. Yet defendant claims his sentence is procedurally unreasonable because the court allegedly relied upon "clearly erroneous facts." (Defendant's Brief 12.) Specifically, defendant references the district court's statement that certain conduct toward women has been unacceptable "since [the] inception" of the United States; according to defendant, early American history reveals a less charitable view toward women and that some offenses against women have been criminalized only recently. (*Id*. at 12-13.) Defendant has not established, however, that the district court's sentencing determination *relied* in any way upon how long defendant's actions had been unacceptable[3] in the United States. Because defendant has not shown that the

---

[3] Defendant suggests that the court clearly erred in referencing how long his conduct had been a criminal offense in the United States; in fact, the court said only that such conduct "had not been acceptable" in the United States since its inception. (*Compare* Defendant's Brief 12-13 *with* R. 27, Sent. Hr'g Tr. 9.) It is plain that unacceptable behavior is not necessarily criminally-punishable behavior.

district court relied upon any clearly erroneous facts, defendant has not established that his sentence was procedurally unreasonable.

After finding that a sentence is procedurally sound, the Court considers whether the district court abused its discretion in selecting the length of the sentence. *Gall*, 552 U.S. at 51; *Madden*, 515 F.3d at 609. A sentence may be substantively unreasonable if it is selected arbitrarily, is based upon impermissible factors, fails to properly take into account pertinent § 3553(a) factors, or gives unreasonable weight to a particular factor. *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). The district court's determination on this point is entitled to deference; "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

In addition, a sentence within the properly calculated guidelines range is afforded a rebuttable presumption of reasonableness. *Madden*, 515 F.3d at 609; *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *see also United States v. Robinson*, 503 F.3d 522, 528 (6th Cir. 2007) (deeming it "incumbent" on a defendant to overcome the presumption of reasonableness afforded to his within-Guidelines sentence). It is well-settled that a defendant cannot rebut the presumption of reasonableness by merely alleging that, in his view, a lesser

11

sentence would have been sufficient to accomplish the statutory sentencing goals. *See United States v. Ward*, 506 F.3d 468, 478 (6th Cir. 2007) (finding no basis for resentencing in argument that the district court improperly weighed the statutory sentencing factors by not adopting defendant's position at sentencing); *United States v. Trejo-Martinez*, 481 F.3d 409, 413-14 (6th Cir. 2007) (stating, "The mere fact that Trejo desired a more lenient sentence, without more, is insufficient to justify our disturbing the reasoned judgment of the district court"); *United States v. Dexta*, 470 F.3d 612, 616 (6th Cir. 2007) (rejecting defendant's claim that resentencing was necessary because he did not get the sentence he requested).

Defendant faults the district court for attempting to justify its sentence at the top of the advisory Guidelines range by labeling defendant's conduct "particularly egregious." (Defendant's Brief 13, citing R. 27, Sent. Hr'g Tr. 14.) In defendant's view, the facts emphasized by the court had already been fully considered by the Guidelines range itself, in light of the base offense level for kidnapping and the enhancement for sexual exploitation of the victim. (Defendant's Brief 13-14.) When read in its entirety, however, the district court's statement shows that it was the combination of kidnapping, sexual abuse, *and* serious threats against the victim, her family, and her co-worker – including the violent nature of each of those acts – that rendered defendant's offense conduct "particularly egregious."

(R. 27, Sent. Hr'g Tr. 14.)  Finally, defendant complains of being sentenced "on the cusp of a more punitive guideline range," *i.e.*, at the top of the applicable Guidelines range (*see* Defendant's Brief 14), but he has not identified any abuse of discretion in the court's decision to sentence him at that point within the advisory Guidelines range.  (Defendant's Brief 14.)  A defendant has no right to receive a sentence at the bottom, or in the middle, of an advisory Guidelines range.

In sum, it is immaterial that the district court *could* have reasonably imposed a lesser sentence for defendant; the only question on appeal is whether the court abused its discretion in choosing the sentence it *did* impose.  After considering all the evidence presented by both parties and reviewing the statutory factors set forth in 18 U.S.C. § 3553(a), the district court concluded that a sentence of 235 months' imprisonment was sufficient, but not greater than necessary, to achieve those factors.  The within-Guidelines sentence imposed by the court is consistent with this Court's authority and should be affirmed.

## CONCLUSION

For the foregoing reasons, the judgment should be affirmed.

> Respectfully submitted,
>
> William C. Killian
> United States Attorney
>
> By: *s/ Christopher D. Poole*
> Christopher D. Poole
> Assistant United States Attorney
> 1110 Market St., Suite 301
> Chattanooga, TN 37402
> (423) 752-5140

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

> /s/ Christopher D. Poole
> Christopher D. Poole
> Assistant United States Attorney

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

## No. 11-5425

### DESIGNATION OF RELEVANT DISTRICT COURT FILINGS PURSUANT TO SIXTH CIRCUIT RULE 30(b)

| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL from the United |
| v. | ) | States District Court for the |
| | ) | Eastern District of Tennessee |
| ILMAR SANTIZO-SANCHEZ, | ) | No. 1:10-cr-130 |
| Defendant-Appellant. | ) | |

The United States designates the following district court filings, all of which are available electronically, as relevant to the determination of the issues on appeal.

| Entry No. | Description of Entry | Date |
|---|---|---|
| 1 | Indictment | 08-24-2010 |
| 12 | Notice of Intent to Plead Guilty | 10-27-2010 |
| 14 | Factual Basis for Guilty Plea | 10-28-2010 |
| 16 | Courtroom Minutes | 12-01-2010 |
| 17 | Consent to Magistrate Judge for Plea Colloquy | 12-01-2010 |
| 18 | Report and Recommendations | 12-06-2010 |
| 19 | Order Adopting R. 18 | 01-07-2011 |
| 21 | Defendant's Motion for Below-Guidelines Sentence | 03-16-2011 |
| 22 | Courtroom Minutes | 03-31-2011 |
| 23 | Judgment | 04-07-2011 |

| 24 | Notice of Appeal | 04-08-2011 |
| --- | --- | --- |
| 27 | Transcript of Sentencing Hearing (03-31-2011) | 05-17-2011 |

        *s/ Christopher D. Poole*
        Christopher D. Poole
        Assistant United States Attorney